# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL R. PEDELAHORE | CIVIL ACTION |
| VERSUS | NO. 07-5473 |
| BURL CAIN, WARDEN | SECTION "N" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

### I.

In this habeas petition, JOEL R. PEDELAHORE seeks relief from his 2003 state court conviction,[1] of aggravated oral sexual battery, in violation of La. R.S. 14:43.4.[2]

---

[1] *State of Louisiana v. Joel R. Pedelahore*, Criminal Docket No. 337852 Div. D., 22nd Judicial District Court, Parish of St. Tammany, Louisiana.

[2] Subsequent to the filing of the bill of information against the petitioner, La. R.S.14:43.4 was repealed by La. Acts 2001, No. 301. See footnote 1 State Rec. Vol. #3, p.580.

Petitioner filed this federal habeas on September 6, 2007, alleging twenty-two (22) claims,[3] two of which have been reviewed by the state court during petitioner's direct appeal. Those claims were as follows:

1.) The trial court erred in denying the motion for new trial and the motion for post-verdict judgment of acquittal; and

2.) The trial court erred in denying the defense's motion for mistrial and in admitting the advocacy center videotape.

Petitioner's remaining twenty (20) claims are as follows: 3.) Petitioner was denied his right to intelligently exercise his peremptory challenges; 4.) Petitioner was denied a fair trial and due process by the prosecutorial misconduct that occurred during the opening and rebuttal arguments of the prosecution; 5.) Petitioner was denied a fair trial and due process when the trial court improperly held a competency hearing in the middle of the trial and in front of the jury; 6.) Petitioner was denied his rights to a full and fair judicial review and his right of access to the Court when he was not present during every stage of the proceedings; 7.) Petitioner was denied a fair trial and due process when the prosecution violated the sequestration order by allowing the state's witnesses to meet, unsupervised, in his office; 8.) Petitioner received ineffective assistance of counsel on direct appeal when appellate counsel failed to properly brief the violations regarding the inadmissible expert testimony of interviewer Amy Streicher and detective Tina Cuevas' opinions

---

[3] Federal Rec. Doc. #1.

of ultimate fact; 9.) Petitioner was denied a fair trial and due process when the state introduced unreliable testimony and evidence regarding the use of anatomically correct dolls, and Petitioner was denied his right to effective assistance of appellate counsel on appeal; 10.) Petitioner was denied his right to confront, cross-examine and present a defense when the prosecution introduced hearsay statements and testimony; 11.) Petitioner was denied due process when the prosecution introduced inadmissible hearsay testimony under the guise of an exception to the hearsay rules; 12.) Petitioner was denied his right to present a defense, when the trial court limited his questions concerning sex and further denied him the right to introduce letters which were obtained through discovery; 13.) Petitioner was denied due process and a fair trial where the state was allowed to introduce evidence of bad character and other Criminal acts; 14.) Petitioner was denied due process and a fair trial where the state introduced irrelevant and prejudicial evidence; 15.) Petitioner was denied due process and a fair trial when the jury was permitted to bring written evidence into the jury room during deliberations; 16.) Petitioner was denied due process where the prosecution knowingly used false evidence to obtain this conviction; 17.) Petitioner was denied due process and a fair trial where the state suppressed favorable evidence in violation of the court's discovery order; 18.) Petitioner was denied due process when the state destroyed or failed to preserve known favorable evidence and materials; 19.) Petitioner was denied a fair trial and due process when the state introduced evidence pursuant to a statute that was applied retroactively to petitioner's case; 20.) Petitioner was denied

a fair trial and due process when he was forced to go to trial with a biased judge; 21.) Petitioner was denied an effective appeal; and 22.) Petitioner was denied the effective assistance of counsel.

In opposition to the habeas petition, the State of Louisiana claims that petitioner has not complied with the total exhaustion requirement and, therefore, his federal habeas petition should be dismissed.[4]

## II

Petitioner was found guilty on October 14, 2003 and initially sentenced on November 19, 2003 to twenty (20) years imprisonment without benefit of parole, probation or suspension of sentence. On December 11, 2003, Petitioner was adjudicated a 3rd felony offender and re-sentenced to thirty (30) years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.[5]

On February 11, 2005, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction, but modified his habitual offender adjudication from 3rd felony offender to 2nd felony offender and remanded for re-sentencing as a 2nd felony offender.[6] On March 29, 2005, petitioner was re-sentenced to twenty-five (25) years imprisonment, without the benefit of parole, probation or suspension of sentence.

---

[4] Federal Rec. Doc. #8.

[5] State Rec. Vol. 1, pages 39, 45, and 106.

[6] *State v. Joel R. Pedelahore*, 895 So.2d 77 (La. App. 1st Cir. 2005)(Table).

4

On April 20, 2005, petitioner filed a Writ of Certiorari challenging his conviction to the Louisiana Supreme Court, which they denied on December 9, 2005.[7] The Louisiana First Circuit Court of Appeal affirmed Petitioner's re-sentencing on February 10, 2006,[8] and the Louisiana Supreme Court denied Petitioner's writ application regarding his re-sentencing on February 16, 2007.[9]

While the appeal regarding his sentence was pending before the Louisiana Supreme Court, petitioner filed for post conviction relief with the First Circuit Court of Appeal twice, both of which were denied, first on May 30, 2006,[10] and again on September 18, 2006[11]. Both writs were denied by the Court of Appeal because of procedural errors, in that the petitioner did not comply with the uniform rules for appeals. On October 11, 2006 petitioner filed an application for writs to the Louisiana Supreme Court challenging these denials, and the Louisiana Supreme Court denied relief

---

[7] *State v. Joel R. Pedelahore,* 916 So.2d 1053 (La. 2005)(No. 2005-KO-1020).

[8] *State v. Joel R. Pedelahore,* 924 So.2d 515 (La. App. 1st Cir. 2006)(No. 2005 KA 1016).

[9] *State v. Joel R. Pedelahore ,*949 So.2d 412 (la. 2007)(No. 2006-KO-1834).

[10] See State Rec. Vol.6 for a copy of Writ No. 2006 KW 0422 (May 30, 2006):
"WRIT DENIED ON THE SHOWING MADE. Relator failed to include the necessary documentation, including pertinent minute entries, trial transcripts, and any other documentation that might support his claims, in order for this Court to review the merits of his application."

[11] State Rec. Vol. 6 for a copy of Writ No. 2006 KW 1524 (September 18, 2006):
"WRIT DENIED. Although much latitude is given to writ applications filed by or on behalf of pro se prisoners, this Court chooses not to address claims presented in an eighty-page memorandum. See Uniform Rules - Courts of Appeal, Rule 4-5 & Rule 2-12.2."

on August 15, 2007.[12]  Petitioner then filed a federal habeas petition in this Court on or about September 6, 2007.

### III.

A review of the record confirms that while Pedelahore's two claims raised on direct appeal were reviewed by the highest state court, his remaining twenty (20) claims raised post-conviction have never been reviewed nor addressed by either the First Circuit Court of Appeal nor the Louisiana Supreme Court because Pedelahore did not comply with the state's procedural rules for filing writs.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to *habeas corpus* relief.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.  Pedelahore has failed to exhaust available state court remedies before he filed his federal *habeas* petition. To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

---

[12]  *State ex rel. Pedelahore v. State,* 961 So.2d 1156 (La. 2007)(No. 2006-KH-2568).

Fair presentment of the issues requires that "the grounds urged in a federal petition were previously presented to the state's highest court in a *procedurally proper manner*." *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988)(emphasis added).

Moreover, when a habeas petitioner has presented the court with a petition containing some exhausted and some unexhausted claims, the entire "mixed" habeas is nonetheless subject to dismissal. See *Pliler v. Ford* 542 U.S. 225, 230, 124 S.Ct. 2441, 2445, 159 L.Ed.2d (2004), citing *Rose,* 455 U.S. 510, 522, 102 S.Ct. 1198.

Accordingly, petitioner's habeas corpus petition should be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of Joel Pedelahore's claims.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Joel Pedelahore for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[13]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[13] If Petitioner chooses not to pursue his unexhausted claims in state court, he may notify the court, within the ten day period allowed for filing objections, that he wishes to abandon his unexhausted claims. *See Rose,* 455 U.S. at 509, 510, 102 S.Ct. at 1198. If petitioner chooses to abandon his unexhausted claims, the matter may then be recommitted to the magistrate judge for a resolution of the exhausted claims.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of _____June_____, 2009.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE